## Ex parte González (á) Monroy

Solicitud para que se expida mandamiento de *Habeas Corpus.*

No. 38.—Resuelto en Noviembre 14, 1904.

Acometimiento y Agresión.—Los artículos 234 y 235 del Código Penal, que definen y castigan el delito de agresión, han sido derogados por la Ley de Marzo 10, 1904, definiendo y castigando los delitos de acometimiento simple, acometimiento y agresión simple, acometimiento con circunstancias agravantes y acometimiento y agresión con circunstancias agravantes.

Id.—Acometimiento y Agresión con Circunstancias Agravantes,—Se comete el delito de acometimiento y agresión con circunstancias agravantes cuando el acusado hubiere cometido los hechos que se le imputan en la morada de una familia particular.

Id.—A los efectos de la anterior doctrina es necesario que se justifique que la habitación en que se cometiera el delito estaba destinada á servir de morada á una familia particular, pues de lo contrario el delito queda reducido á un acometimiento y agresión de carácter simple.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Martínez Quintero.*

Abogado del Pueblo: *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. MacLeary, emitió la siguiente opinión del Tribunal.

La presente solicitud fué presentada por el detenido al Honorable Juez Presidente, y el auto de *habeas corpus* fué expedido por él para ser visto ante la Corte en sesión, en el día 11 del corriente.

El peticionario alega que fué convicto del delito de agresión por la Corte Municipal de San Juan, en 10 de Octubre de 1904, y condenado á seis meses de Cárcel y al pago de doscientos dollars de multa, bajo el artículo 234 del Código Penal. José V. Berrios, el Alcaide de la Cárcel de San Juan, en su informe, presenta el auto de prisión bajo el cual detiene al preso, cuyo auto dice que dicho preso había sido juzgado en la Corte Municipal de San Juan, en méritos de una acusación hecha contra el mismo, y declarado culpable de la ofensa de agresión; es decir, por violación del artículo 234 del Código Penal, y que á virtud de éste, el acusado fué condenado á la Cárcel de Distrito de San Juan, por el término de seis meses, y al pago de doscientos dollars de multa y todas las costas del proceso. El peticionario, mediante su abogado defensor, alega que el artículo 234 del Código Penal fué abrogado por implicación, por la Ley de 10 de Marzo de 1904, defiiniendo y castigando acometimiento con circunstancias agravantes y acometimiento y agresión con circunstancias agravantes, y para derogar la sección 237 del Código Penal, y que por consiguiente toda pena impuesta desde la fecha de la aprobación de dicha ley y fundada en la violación del artículo 234, deberá considerarse ilegal; y él alega, además, que pasando por alto el error cometido por la Corte, y aplicando la ley que en realidad debería aplicarse al presente caso, aún resultaría ilegal la pena, puesto que la ofensa se define como agresión, sin expresar que ésta fué con circuncunstancias agravantes, que el castigo procedente debería

determinarse según las disposiciones de la sección 5ª. de la misma ley de 10 de Marzo de 1904; por cuya razón el abogado defensor alega que la prisión que sufre José González es ilegal, y que debe ser excarcelado.

La Corte sentenciadora evidentemente ha pasado por alto la ley aprobada por la última Asamblea Legislativa, titulada "Ley para determinar y castigar acometimiento, acometimiento y agresión, acometimiento con circunstancias agravantes, y acometimiento y agresión con circunstancias agravantes y para derogar la sección 237 del Código Penal". Esta Ley, por su sección 11, empezó á regir inmediatamente después de su aprobación; es decir, en el 10 de Marzo del presente año. Por la sección 10 de la misma, "toda Ley, Orden y Decreto ó parte de éstas, que se opongan á esta Ley, quedan por la presente derogadas". Por la sección 9 de esta Ley, la sección 237 del Código Penal queda expresamente derogada. Las secciones 234 y 235 del Código Penal, á la letra dicen así:

Sección 234.—Por agresión (battery) se entenderá el empleo voluntario é ilegal de fuerza ó violencia, contra la persona de un semejante."

"Sección 235.—Toda agresión se castigará con multa máxima de mil dollars, ó Cárcel por un término máximo de seis meses, ó ambas penas, á discreción del Tribunal."

Estat. Revisados y Códigos de P. R., p 527.

La sección 1ª. de la Ley de 10 Marzo próximo pasado, define acometimiento y agresión, y la sección 5ª. lo castiga, haciendo la pena, cuando no aparejen circunstancias agravantes, multa que no bajará de uno, ni excederá de cincuenta dollars. Las citadas secciones de los Estatutos Revisados fueron claramente derogadas por la última Ley.

También queda proveido, por la citada Ley, que acometimiento y agresión se considera con circunstancias agravantes en diez distintas clases de casos, el tercero de los cuales

es "cuando la persona que cometiere el hecho entre en la morada de una familia particular y cometiere allí la falta de acometimiento y agresión'.

"En el presente caso el Fiscal trató de demostrar que este acometimiento y agresión se consideraría agravante bajo este párrafo de la sección 6ª., y con este propósito presentó la demanda establecida ante F. del Valle Jr., el Juez Municipal, en la cual dice que González, el detenido, penetró en la habitación de Peter Starn, agrediendo á Isidoro Marrero, que se encontraba en dicho local. Si ó nó, la habitación de Peter Starn era la casa de una familia particular, no aparece de la demanda, ni así aparece de otra prueba alguna en este Tribunal, y aún en el caso de que la demanda pudiera introducirse con el objeto de contradecir ó explicar el auto de prisión y la sentencia en que se funda, no aparece nada suficientemente para que la ofensa se considere acometimiento agravante, ó para que fuera considerado más que un simple acometimiento.

Por esta razón, la ofensa debía haberse castigado bajo la sección 5ª. por una multa que no bajara de uno y que no excediera de cincuenta dollars. Según la sentencia de la Corte Municipal, el demandado fué declarado culpable de acometimiento y agresión, bajo la sección 234 del Código Penal y fué penado conforme á las disposiciones de la sección 235. En la fecha en que se dictó esta sentencia, el día 10 de Octubre, hacía más de siete meses que las dos secciones citadas se derogaron, de lo cual, sin embargo, no parece haberse enterado el Juez Municipal; y habiéndose convicto el demandado bajo un estatuto derogado, y habiendo sido condenado á una pena mayor que la que dispone la ley, debe considerarse éste como ilegalmente encarcelado.

Por estas razones el preso, José González (a) Monroy, queda por la presente absuelto y definitivamente en libertad, y se le enviará á José V. Berrios, Alcaide de la Cárcel de

San Juan, cópia certificada de la presente sentencia dictada por esta Corte.

*Con lugar.*

Jueces concurrentes: Sres. Presidente, Quiñones, y Asociados, Hernández, Figueras y Wolf.